**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARDO ESTRADA-ALBERTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| CITY OF CHICAGO POLICE OFFICER | ) | |
| FIDEL LEGORRETA, CITY OF CHICAGO | ) | |
| POLICE OFFICER JAMES BERG, | ) | |
| CITY OF CHICAGO POLICE OFFICER | ) | |
| DARRELL ESSEX, CHICAGO | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

## COMPLAINT

NOW COMES Plaintiff, LEONARDO ESTRADA-ALBERTO, by and through his attorneys, ANTHONY J. PERAICA & ASSOCIATES, LTD., and complaining of Defendants, CITY OF CHICAGO, CITY OF CHICAGO POLICE OFFICER FIDEL LEGORRETA, CITY OF CHICAGO POLICE OFFICER JAMES BERG, CITY OF CHICAGO POLICE OFFICER DARRELL ESSEX, CHICAGO POLICE DEPARTMENT, states as follows:

### INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

1

U.S.C.§§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3.      Venue is proper under 28 U.S.C. § 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4.      Plaintiff, Leonardo Estrada-Alberto, is a United States citizen who resides in the Northern District of Illinois.

5.      Defendant, City of Chicago, is a municipal corporation duly incorporated under the laws of the State of Illinois. At all relevant times, the City of Chicago is the public employer of Defendants Officer Fidel Legorreta, Officer Darrell Essex, and Officer James Berg, at the time of the conduct complained of in the Complaint. At all relevant times thereto, Defendants Officer Legorreta, Officer Essex and Officer Berg were acting under the color of law and within the scope of their employment with Defendant, City of Chicago.

6.      Defendant, Chicago Police Department, is a governmental entity of the Defendant, City of Chicago. At all relevant times, Defendant, Chicago Police Department is the public employer of Defendants, Officer Fidel Legorreta, Officer Darrell Essex, and Officer James Berg, at the time of the conduct complained of in the Complaint. At all relevant times thereto, Defendants Officer Legorreta, Officer Essex and Officer Berg, were acting under the color of law and within the scope of their employment with Defendant, Chicago Police Department.

7.      At all relevant times, Defendant Officer Fidel Legorreta, is an employee of the Chicago Police Department and the City of Chicago. Defendant Officer Legorreta

engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Defendant Officer Legorreta is being sued in his individual capacity.

8.    At all relevant times, Defendant, Officer James Berg, is an employee of the Chicago Police Department and the City of Chicago. Defendant Officer Berg engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Defendant Officer Berg is being sued in his individual capacity.

9.    At all relevant times, Defendant Officer Darrell Essex is an employee of the Chicago Police Department and the City of Chicago. Defendant Officer Essex engaged in the conduct complained of while on duty and in the course and scope of his employment and under the color of law. Defendant Officer Essex is being sued in his individual capacity.

## BACKGROUND

10.    On or about December 22, 2023, Defendants Officers Legoretta, Essex, and Berg, stopped the Plaintiff, Leonardo Estrada-Alberto, while he was driving a vehicle for allegedly failing to have required lamps lighted.

11.    Defendant, Officer Legoretta, ordered Plaintiff, Leonard Estrada-Alberto, out of the car and conducted a pat down of Estrada-Alberto.  Defendant, Officer Legoretta, then directed Plaintiff, Leonardo Estrada-Alberto to stand behind the vehicle with Defendant Officer Essex. Defendant, Officer Legoretta, began searching the driver's area of the vehicle.

12.    At some point, Defendants, Officer Berg and Officer Essex, were with

Plaintiff, Leonardo Estrada-Alberto behind the vehicle.

13.     As and/or after Plaintiff, Leonardo Estrada-Alberto, was being handcuffed by another officer, Defendant, Officer Legoretta, continued searching the vehicle and searched in the passenger seat area behind the driver's seat.

14.     Plaintiff, Leonardo Estrada-Alberto, was handcuffed and standing outside and behind his car when the officer searched the vehicle.

15.     Plaintiff, Leonardo Estrada-Alberto, clearly was not within reaching distance of his car at the time of the search.   In addition, an evidentiary basis for the search was also lacking.

16.     The U.S. Supreme Court has held that <u>New York v. Belton</u> "does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle."   <u>Arizona v. Gant</u>, 556 U.S. 332, 335, 129 S. Ct. 1710, 1714, 173 L. Ed. 2d 485 (2009) (<u>Citing New York v. Belton</u>, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)).

17.     Defendant, Officer Legorreta, did not have reasonable grounds to believe evidence relevant to the crime of arrest might be found in the vehicle, or to believe that Plaintiff, Leonardo Estrada-Alberto was unsecured and within reaching distance of the passenger compartment at the time of the search.

18.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, did not have probable cause to search Plaintiff, Leonardo Alberto-Estrada's, vehicle.

19.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, did not have reasonable grounds to search Plaintiff, Leonardo Alberto-Estrada's, vehicle.

20.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, did not have

reasonable grounds to arrest Plaintiff, Leonardo Alberto-Estrada.

21.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, did not have probable cause to arrest Plaintiff, Leonardo Alberto-Estrada.

22.     Defendant Officer Berg was present and failed to intervene in preventing the false arrest.

23.     On information and belief, Defendant Officer Berg states at one point on the bodycam video, "I knew it! I knew there were different plates!"

24.     Defendant Officer Essex was present and failed to intervene in preventing the false arrest.

25.      On information and belief, after Plaintiff, Leonardo Alberto-Estrada, was arrested and taken into custody and to jail, Defendants, Officer Legorreta and Officer Berg,  continued searching the vehicle that Plaintiff, Leonardo Alberto-Estrada, had been driving, including searching under the hood, in the trunk, in the front passenger and driver's area, and back passenger area.  On information and belief, Defendants, Officer Legorreta and/or Officer Berg, tried to remove the center console and removed nails/or screws in the vehicle.

26.     On information and belief, as Defendants, Officer Legorreta and Officer Berg, were searching the vehicle, one officer stated, "You got to really work to get these things undone", as he is trying to remove the center console.  On information and belief, one officer stated, "You're going to have to put the nails back."  On information and belief, Defendant, Officer Berg stated, "I'll screw it back in."

27.     On information and belief, Defendants, Officer Legorreta, Officer Essex, and/or Officer James Berg, made false statements in the police report.

28.     On information and belief, criminal charges were brought against Plaintiff, Leonardo Estrada-Alberto's, Criminal Case 24CR0083701, for aggravated unlawful use of a weapon and defacing identification marks of a firearm.

29.     On information and belief, at hearing or hearings, Defendant Officer Legorreta testified falsely.

30.     On information and belief, on August 6, 2024, a hearing was held on Plaintiff, Leonardo Estrada-Alberto's, Motion to Quash Arrest and Suppress Evidence Based on an Illegal Search.  The Criminal Court in Criminal Case 24CR0083701 granted Plaintiff, Leonardo Estrada-Alberto's, motion to quash arrest and suppress evidence.

31.     On information and belief, on August 6, 2024, the State nolle prossed Criminal Case 24CR0083701.

32.     On information and belief, a Class Action Civil Rights Complaint was filed against Defendant, Officer Legorreta, in Michael Williams, et. al. v. City of Chicago, et. al.,  Case No. 22-cv-3773 (Northern District of Illinois).

**COUNT I**

42 U.S.C. §§ 1983-False Arrest/Unlawful Detention

(Against Defendants Legorreta, Berg, Essex, City of Chicago and Chicago Police Department)

33.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

34.     As described above, Officers Legorreta, Essex, and Berg falsely arrested and detained Plaintiff without probable cause.

35.     The misconduct described in this count was undertaken with malice,

willfulness andreckless indifference to the rights of others.

36.     As a result of the above-described wrongful infringement on Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

WHEREFORE, Plaintiff, Leonardo Estrada-Alberto, demands judgment against Defendants Officer Fidel Legorreta, Darrell Essex, James Berg, City of Chicago, and Chicago Police Department for compensatory damages, punitive damages, costs, attorney's fees, and such other and additional relief that this Court deems equitable and just.

## COUNT II

42 U.S.C. §§ 1983-False Arrest/Unlawful Detention

(Against Defendants Legorreta, Berg, Essex, City of Chicago and Chicago Police Department)

37.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38.     Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

39.     Defendants, Officer Legorreta, Officer Essex, and/or Officer Berg accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

40.     Statements of the Defendants, Officer Legorreta, Officer Essex, and/or Officer Berg regarding Plaintiff's alleged culpability were made with knowledge that the statements

were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

41.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, City of Chicago, and Chicago Police Department, individually and jointly, initiated a malicious prosecution without probable cause against Plaintiff. Said prosecution was ultimately terminated in Plaintiff's favor. The Defendants' actions were done in a willful and wanton manner, and directly and proximately caused the injury and damage to Plaintiff set forth above.

42.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

43.     As a result of the above described wrongful infringements of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental anguish and stress.

44.     The misconduct described in this count were undertaken by the Defendant Officers within the scope of their employment such that their employers, City of Chicago, and Chicago Police Department are liable for their actions.

WHEREFORE, Plaintiff, Leonardo Estrada-Alberto demands judgment against Defendants, Fidel Legorreta, Darrell Essex, James Berg, City of Chicago, and Chicago Police Department, for compensatory damages, punitive damages, costs, attorney's fees, and such other and additional  relief that this Court deems equitable and just.

## COUNT III

State Law Claim: False Imprisonment

(Against Defendants Legorreta, Berg, Essex, City of Chicago and Chicago Police Department)

45.     Plaintiff re-alleges and incorporates all of the allegations in the

preceding paragraphs.

46.     Plaintiff was arrested and detained, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

47.     Defendants, Officer Legorreta's, Officer Essex's, and Officer Berg's actions set forth above were undertaken intentionally,with malice and reckless indifference to Plaintiff's rights.

48.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

49.     The misconduct described in this Count were undertaken by Defendants Officer Legorreta, Officer Essex, and Officer Berg, and within the scope of their employment such that their employers Defendants, City of Chicago and Chicago Police Department, are liable for their actions.

WHEREFORE, Plaintiff, Leonardo Estrada-Alberto, demands judgment against Defendants Officer Fidel Legorreta, Darrell Essex, James Berg, City of Chicago, and Chicago Police Department for compensatory damages, punitive damages, costs, attorney's fees, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

State Law Claim: Intentional Infliction of Emotional Distress

(Against Defendants Legorreta, Berg, Essex,, City of Chicago and Chicago Police Department)

50.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

51.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, City of Chicago,

and Chicago Police Department, individually and jointly, initiated a malicious prosecution without probable cause against Plaintiff. Said prosecution was ultimately terminated in Plaintiff's favor. The Defendants' actions were done in a willful and wanton manner, and directly and proximately caused the injury and damage to Plaintiff set forth above.

52.     Defendants, Officer Legorreta, Officer Essex, Officer Berg, City of Chicago, and Chicago Police Department, individually and jointly, engaged in extreme and outrageous conduct.

53.     As a direct and proximate result of Defendants' outrageous conduct, Plaintiff was, and continues to be, injured, and has, and continues to, experience severe emotional distress, including anxiety, depression.

WHEREFORE, , Plaintiff, Leonardo Estrada-Alberto demands judgment against Defendants, Fidel Legorreta, Darrell Essex, James Berg, City of Chicago, and Chicago Police Department, for compensatory damages, punitive damages, costs, attorney's fees, and such other and additional  relief that this Court deems equitable and just.

## COUNT V

Respondeat Superior

(Against Defendants, City of Chicago and Chicago Police Department)

54.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55.     Defendants, City of Chicago and Chicago Police Department, are the employers of Defendant, Officer Legorreta, Officer Essex, and Officer Berg.

56.     Defendants, City of Chicago and Chicago Police Department, are liable for their employees' actions committed while in the scope of their employment as duly appointed police

officers under the doctrine of respondeat superior.

57.     The acts of Defendants, Officer Legorreta, Officer Essex, and Officer Berg described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the City of Chicago and Chicago Police Department.

58.     As a proximate cause of the Defendants' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, , Plaintiff, Leonardo Estrada-Alberto, demands judgment against Defendants, City of Chicago and Chicago Police Department, for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

State Law Claim: Indemnification

(Against Defendants, City of Chicago and Chicago Police Department)

59.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

60.     Pursuant to 745 ILCS 10/9-102, CITY OF CHICAGO, Illinois and Chicago Police Department must indemnify any judgment against Defendants, Officer Legorreta, Officer Essex and/or Officer Berg.

WHEREFORE, , Plaintiff, Leonardo Estrada-Alberto, demands judgment against Defendants, City of Chicago and  Chicago Police Department, for compensatory damages, costs and attorney's fees, and such other and additional relief that this Court deems equitable and just.

11

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,

LEONARDO ESTRADA-ALBERTO


_____/s/ Anthony J. Peraica_____
Anthony J. Peraica
Attorneys for Plaintiff, LEONARDO
ESTRADA-ALBERTO


Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, IL  60632
773-735-1700
support@peraica.com
Attorney No. 54011